IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alberto R. Lopez, | ) | Civil Action No. 9:14-484-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Alberto R. Lopez, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On March 19, 2015, the Magistrate Judge issued a Report, (ECF No. 49), recommending that Respondent's Motion for Summary Judgment, (ECF No. 35), be granted and that the Petition be dismissed. Objections to the Report were originally due by April 6, 2015. Petitioner sought and obtained an extension to file Objections, see ECF Nos. 51 and 52, resulting in a final submission deadline of April 21, 2015. Petitioner did not file an Objection to the Report until April 23, 2015. (ECF No. 55).[1] The matter is now ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has

---

[1] By characterizing Petitioner's Objection as submitted to the Court on April 23, 2015, the Court has extended to Petitioner the benefit of the prison date stamp rule of Houston v. Lack, 487 U.S. 266, 270-276 (1988). The Court did not actually receive Petitioner's filing until April 28, 2015. In any case, under any standard, Petitioner's Objection was untimely filed, despite the prior 15-day extension granted by the Court.

no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection was untimely. Upon review, the Court concludes that none of Petitioner's Objections meaningfully counter the Magistrate Judge's core legal determination that Petitioner has failed to establish either prong of the necessary two-prong standard for ineffective assistance of counsel claims first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Nor do any of Petitioner's Objections call into doubt the Magistrate Judge's separate finding that no other issue raised or attempted to be raised by Petitioner in this application was properly preserved for federal court review.

In view of the above, the Court concurs in full with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 49), overruling Petitioner's Objections. (ECF No. 55). Accordingly, Respondent's Motion for Summary Judgment, (ECF No. 35), is **GRANTED** and the Petition is **DISMISSED** with prejudice. Petitioner's second Motion for

Extension of Time, (ECF No. 54), and Motion for Evidentiary Hearing, (ECF No. 56), are properly terminated as **MOOT**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                          s/ Mary G. Lewis
                                          United States District Judge

April 29, 2015
Columbia, South Carolina